THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLYNN CURVIN, Defendant-Appellant.

Second District   No. 78-550

Opinion filed February 27, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

On August 26, 1974, defendant was indicted on three counts of forgery. The indictment charged that the defendant had forged and delivered three invalid checks totaling $70 to Charles Dittman on July 15 and 16, 1973. At a hearing held on March 2, 1976, subsequent to defendant's arrest, the defendant pleaded guilty to the forgery charges pursuant to a plea bargain agreement wherein the State agreed to a nolle pros of pending theft and bail bond violation charges. On March 29, 1976, defendant was sentenced to a two- to six-year term of imprisonment.

In 1978, defendant sought post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*). Defendant alleged, *inter alia*, that he was originally charged with one count of forgery on July 18, 1973. Pursuant to an oral plea agreement, the defendant made restitution on the three checks in exchange for a nolle pros by the State on the 1973 forgery charge. Nevertheless, the State re-indicted the defendant on all three counts of forgery, allegedly in violation of the original plea agreement.

In denying post-conviction relief, the trial court concluded that the defendant should have raised the issue of the 1973 plea agreement prior to entering a plea of guilty in 1976. This appeal followed. We affirm.

Defendant contends that the re-indictment to which he pleaded guilty was instituted in violation of his right to due process since the same charges which were the subject of the re-indictment had previously been nolle prossed in return for his making full restitution to the victim of the forgeries. He further contends that this due process violation is cognizable in a post-conviction hearing and that his right to assert same was not waived by virtue of his plea of guilty to the re-instituted charges. The People contend, and we agree, that the defendant has procedurally waived our consideration of the error he has asserted. Preliminarily, we note that defendant has neither directly appealed his conviction on the forgery charges, nor has he ever sought to withdraw or challenge the voluntariness of his guilty plea.

■■ ■ It is well settled that a defendant's voluntary guilty plea waives all errors, defects, and irregularities in proceedings which are not

jurisdictional, including constitutional errors. (*People v. Dennis* (1966), 34 Ill. 2d 219; *People v. Brown* (1969), 41 Ill. 2d 503.) The record establishes the defendant was properly admonished as to the consequences of his plea, and defendant has not alleged in his post-conviction petition that his plea was involuntary. One of defendant's *pro se* petitions for habeas corpus relief indicated that the public defender had told the defendant that the state's attorney would not ask for any time if he would plead guilty. The record reveals, however, that defendant was present in court on March 6, 1976, when the state's attorney explained to the court that the extent of the plea agreement was that they agreed to nolle two pending counts of theft and a bail-bond violation in exchange for the defendant's plea. Defendant did not refute this. Defendant also indicated he understood he could receive consecutive sentences for the three forgery charges. The record thus sufficiently indicates the defendant entered a voluntary plea of guilty. Further, the error alleged by defendant clearly is not jurisdictional in nature since the circuit court's jurisdiction was not conferred by the indictment against the defendant, but rather by article VI, section 9 of the Illinois Constitution. Ill. Const. 1970, art. VI, §9; *People v. Gilmore* (1976), 63 Ill. 2d 23.

Defendant, no doubt in anticipation of a rote application of the waiver rule, has parried with the contention that his guilty plea did not waive the constitutional error since the error occurred upon the mere act of re-indicting him and his guilty plea, therefore, was superfluous to a consideration of the constitutionality thereof. In support of this proposition, defendant cites *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098. Defendant asserts that he had "the right not to be haled into court at all" once charges have in some way been finally disposed of (*Blackledge v. Perry* (1974), 417 U.S. 21, 30, 40 L. Ed. 2d 628, 636, 94 S. Ct. 2098, 2104), and that his subsequent guilty plea did not waive this right. Defendant construes *Blackledge* much too broadly, however, and we do not view *Blackledge* to be supportive of defendant's position.

*Blackledge* concerned a re-indictment of the defendant on a felony charge covering the same conduct for which the defendant had been charged with a misdemeanor and convicted thereof. The defendant appealed his misdemeanor conviction in order to obtain his absolute right to a trial *de novo* according to North Carolina law. The State thereupon charged him with the felony, defendant pleaded guilty, and was sentenced. The United States Supreme Court held that the practical result dictated by the due process clause was that North Carolina simply could not permissibly require the defendant even to answer the felony charge, therefore, his guilty plea did not foreclose him from attacking his conviction by a Federal writ of habeas corpus. (*Blackledge v. Perry* (1974), 417 U.S. 21, 31, 40 L. Ed. 2d 628, 636, 94 S. Ct. 2098, 2104.) In the

case at bar, the State originally chose to nolle pros the forgery charge against the defendant if he would make full restitution. Defendant was neither prosecuted on nor convicted of the forgery charge at that time. It is well settled in Illinois that an offense which has been nolle prossed before jeopardy has attached may be prosecuted at a later time. *People v. Watson* (1946), 394 Ill. 177; *People v. Garcia* (1972), 7 Ill. App. 3d 742; *People v. Bell* (1979), 74 Ill. App. 3d 316.

■■ The State's re-indictment of the defendant for the same offense for which he had made restitution, although reprehensible, was nevertheless not precluded by constitutional considerations. Defendant's guilty plea to the reinstated forgery charges in order to obtain a nolle pros of three other charges perhaps was not a wise decision nor a very good bargain, but a bargain it was, and defendant shall be held to it. (*People v. White* (1972), 5 Ill. App. 3d 205; *People v. Chestnut* (1973), 15 Ill. App. 3d 188.) It was defendant's voluntary choice to plead guilty to the reinstated forgery charges rather than be prosecuted for the three charges that were nolle prossed. This voluntary choice by defendant to plead guilty is what distinguishes his case from the two cited by him in which reprosecution was barred once an agreement for restitution had been made and performed. In *People v. Johnson* (1939), 372 Ill. 18, the re-indicted defendants challenged the right of the State to re-indict them and won. Defendant in the case at bar offered no such challenge. Instead, defendant entered into a second agreement and received the benefit thereof when the State nolle prossed the bail bond violation and the two counts of theft. Likewise, in *People v. Bogolowski* (1927), 326 Ill. 253, the defendant had an agreement with the prosecutor that he would receive immunity if he testified; defendant served three years in jail instead. The court ordered defendant's release, stating that it did not seem that the prosecution was "serving the best interests of the State" by causing the defendant to be imprisoned after having made use of him.

We wholly agree with the basic principle set forth in these two cases: that the prosecution must honor the terms of plea agreements it makes with defendants. To dispute the validity of this precept would surely result in the total nullification of the plea bargaining system. Nevertheless, although we disapprove of the manner in which the second plea agreement arose, we find no breach of it on the part of the State, and in fairness must likewise hold defendant to his part of the deal by affirming the decision of the court below wherein his petition for post-conviction relief was denied.

The judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

SEIDENFELD and LINDBERG, JJ., concur.