THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GENE McKEAN, Defendant-Appellant.

Second District    No. 80-49

Opinion filed March 27, 1981.—Rehearing denied April 24, 1981.

Louis P. Walter, Jr., of Ohio, for appellant.

John Payne, State's Attorney, of Dixon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Gene McKean, was charged by information with two counts of aggravated incest, a Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 11—10(a)(2)), and was arrested on April 6, 1979. On June 20 defendant pleaded guilty in Lee County to the offenses charged. At a plea

hearing held that same day, the trial court first admonished defendant: (1) of the possible sentences for a Class 2 felony; (2) of his right to a jury trial unless waived; (3) by going to trial the State would have to prove him guilty beyond a reasonable doubt by bringing in witnesses whom defendant would be able to confront; (4) at trial, he could also present evidence, including his own testimony, but would have the right to remain silent if he chose to do so; and (5) even if found guilty, he would be afforded an appeal, and if indigent, an attorney would be appointed. Defendant indicated his understanding of these matters. Defendant also stated that no threats or promises had been made to induce his plea and that the plea was made voluntarily.

The facts of the case were stated to the court and agreed to by defendant. It appears that in January 1979 the defendant committed the offense of aggravated incest against his 6- and 10-year-old stepdaughters, in that he had them place their mouths upon his penis. Similar events occurred on several other occasions in the trailer where the family resided and in the barn. Defendant gave a written statement to the police which contained admissions.

The court then accepted defendant's plea of guilty and entered judgment thereon, finding the defendant guilty on both charges of aggravated incest. Following a sentencing hearing on July 27, the court imposed the maximum sentence of seven years in the penitentiary for each offense to run concurrently.

On August 24, 1979, defendant, now represented by private counsel, filed a verified petition to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). In that motion defendant alleged as follows: that prior to defendant's arrest, defendant and his wife visited the Sinnissippi Health Clinic in Dixon, Illinois, and sought mental health counseling and that subsequent to the initial interview the social worker, Steven McDowell, whom they consulted informed the police and prosecuting authorities as to the nature of the defendant's acts; that the defendant's rights under the fifth amendment to the United States Constitution were violated by the use of the statement given to the authorities by Steven McDowell and that the defendant's subsequent arrest and all subsequent events resulting therefrom were in violation of the fifth, fourteenth and sixth amendments to the United States Constitution; that defendant was not aware that his constitutional rights had been violated when the guilty plea was entered or that his guilty plea constituted a waiver of such rights; and that the court erred in refusing to grant probation to the defendant.

On December 19, an evidentiary hearing was held before the same trial court that had accepted defendant's guilty plea. After concluding that defendant's constitutional rights had not been violated and that the

sentence imposed was correct, the court denied defendant's motion to withdraw his plea. Defendant now brings this appeal from his original conviction and the denial of that motion.

■■ On this appeal, the defendant asserts that the court erred in denying his petition for leave to withdraw his plea of guilty and in refusing to grant probation to the defendant.

In his argument on the first ground of his appeal the defendant essentially pursues the same arguments he raised in the motion to withdraw the plea. Interwoven in that argument, however, he now suggests for the first time on appeal that he did not plead guilty voluntarily. This ground was not raised before the trial court in the defendant's motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) and is, therefore, waived since Supreme Court Rule 604(d) specifically states that "[u]pon appeal any issue not raised by the defendant in a motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." *People v. Jones* (1979), 74 Ill. App. 3d 243, 245.

■■ Further, the law is well settled that a voluntary guilty plea waives all errors, defects and irregularities in proceedings that are not jurisdictional, including constitutional errors. (*People v. Brown* (1969), 41 Ill. 2d 503, 505; *People v. Curvin* (1980), 81 Ill. App. 3d 481, 482-83.) In *People v. Canales* (1980), 86 Ill. App. 3d 738, 741-42, the court, quoting from *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608, reaffirmed the principle as stated in prior United States Supreme Court cases that:

> "* * * [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *."

It is therefore unnecessary to decide defendant's claims relating to the deprivation of constitutional rights that occurred prior to his arrest, since a voluntary guilty plea waives all nonjurisdictional errors. (*People v. Ondrey* (1976), 65 Ill. 2d 360, 364; *People v. Canales* (1980), 86 Ill. App. 3d 738, 741.) Defendant seeks to avoid the application of this rule in the present case by asserting that his involuntary confession, made only after he was confronted with the statement given to Steven McDowell, caused him to enter the guilty pleas. We determine, however, that the general waiver rule may not be so easily avoided. (See *Curvin*, 81 Ill. App. 3d 481, 483.) That defendant may have been motivated by his allegedly "coerced confession" does not vitiate his otherwise knowing and intelligent plea.

*People v. Phelps* (1972), 51 Ill. 2d 35, 38; see *People v. Good* (1979), 68 Ill. App. 3d 333, 338.

■■ Although the issues raised by the defendant as to the violation of his constitutional rights prior to arrest and the voluntariness of his confession are deemed waived, we note that substantive consideration of these issues would not alter our disposition. Essentially, defendant claims that his constitutional rights were violated when the social worker to whom he admitted the incestuous acts informed the authorities of his conduct. This claim is bottomed on the existence and application of either a "social-worker-patient privilege" or a "therapist-patient privilege." Even if such a privilege did otherwise exist under these circumstances, it is not applicable where as here abused or neglected children are involved. The Abused and Neglected Child Reporting Act states in relevant part as follows:

> "Any * * * social worker * * * having reasonable cause to believe a child known to [him] in [his] professional or official capacity may be an abused child or a neglected child shall immediately report or cause a report to be made to the Department [of Children and Family Services]. * * * The privileged quality of communication between any professional person required to report and his patient or client shall not apply to situations involving abused or neglected children and shall not constitute grounds for failure to report as required by this Act." (Ill. Rev. Stat. 1979, ch. 23, par. 2054.)

Under the statute quoted above not only was any communication privilege that might exist between the defendant and McDowell inapplicable but also McDowell had an affirmative duty to report the defendant's conduct to the Department of Children and Family Services and could not raise privileged communications as grounds for failure to so report.

■■ We next consider defendant's second contention that the court erred in refusing to grant probation to the defendant. There is no merit to this contention. In imposing sentence the trial judge must consider all facts and circumstances which bear on the sentencing procedure. (*People v. Perruquet* (1977) 68 Ill. 2d 149, 154.) Defendant, age 37, admitted having taken indecent liberties with both his 6-year-old and 10-year-old stepdaughters on several occasions. The presentence report indicated a prior conviction for contributing to the sexual delinquency of a minor, in addition to two speeding convictions, and that defendant was described by the social worker to whom he admitted the incestuous acts as a "sociopathic personality" whose potential for change is slow and prognosis guarded. Considering the serious and continuing nature of the attacks and society's interest in protection from defendant the denial of

probation was not an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 279-80; *People v. Perruquet* (1977), 68 Ill. 2d 149, 156.

The judgment of the circuit court of Lee County is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.