THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUANITA OWENS, Defendant-Appellant.

Fourth District   No. 4—84—0462

Opinion filed March 6, 1985.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The issue addressed in this appeal is whether section 5—4—2(a) of the Unified Code of Corrections requires a State's Attorney to offer a convicted defendant an opportunity to plead guilty to all foreseeable charges within that county prior to sentencing on the offense of which defendant was convicted. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—2(a).) We find the statute imposes no such duty on State's Attorneys. Therefore, we affirm the trial court.

On July 21, 1983, defendant Juanita Owens was charged with forgery. The indictment alleged that defendant delivered a check to a grocery store employee, knowing the check was not authorized or drawn by its purported maker. On September 15, 1983, defendant pleaded guilty to the forgery charge.

On December 9, 1983, after a hearing, the trial court accepted defendant's guilty plea and sentenced her to five years' imprisonment to be served concurrently with the sentences she was then serving, crediting defendant with time served from July 21, 1983. Defendant pointed out to the court that she had been in custody since mid-May 1983. The court responded that July 21 was the date of the indictment. Defendant stated she still wished to plead guilty.

The State's Attorney summarized the basis of the charge, and defendant agreed to the summary. The victim reported her checkbook and identification stolen. That same evening a woman, later identified as defendant, wrote a check on the victim's account at a grocery store. Two days later, defendant and another woman were arrested. The police recovered some of the victim's checks.

On May 9, 1983, defendant was convicted of separate forgery charges involving the same account. During the trial, the State introduced testimony about the instant forgery. The appellate court affirmed in an unpublished order. *People v. Owens* (1983), 118 Ill. App. 3d 1169 (Rule 23 order).

On October 14, 1983, defendant filed a *pro se* petition for postconviction relief and a motion to withdraw her guilty plea, in the instant case. Appointed counsel filed an amended motion to withdraw the guilty plea and vacate judgment.

On June 1, 1984, the trial court held a hearing on both matters. It took judicial notice of the May 9 McLean County conviction and the appellate court order. Defense counsel argued that section 3—3(b) of

the Criminal Code of 1961 required the State to prosecute all of the charges related to the theft-forgery of the victim's checks at the same time. (Ill. Rev. Stat. 1983, ch. 38, par. 3—3(b).) The court found separate offenses were involved. It denied the motion and dismissed the petition.

On appeal, defendant argues that under section 5—4—2(a) of the Unified Code of Corrections, the State was required to offer her the opportunity to plead guilty to the instant charges prior to sentencing on the May 9 forgery conviction. She argues that prosecuting the offenses separately was fundamentally unfair because the State knew about the instant offense and in fact used testimony about the instant offense in the earlier trial. The State first argues that the defendant's voluntary guilty plea waived the issue, and she did not argue the issue below or raise it in her post-conviction relief petition. On the merits, the State argues the section does not require the State's Attorney to offer defendant an opportunity to plead guilty on all potential charges.

Generally, a voluntary guilty plea waives all errors, defects, and irregularities in the proceedings which are not jurisdictional in nature. This includes constitutional errors. (*People v. Brown* (1969), 41 Ill. 2d 503, 505, 244 N.E.2d 159, 160; *People v. McKean* (1981), 94 Ill. App. 3d 502, 504, 418 N.E.2d 1130, 1132; 87 Ill. 2d R. 604(d).) Defendant does not argue her plea was involuntary. The record demonstrates that it was a voluntary plea, and the trial court properly admonished defendant. 87 Ill. 2d R. 402.

■ However, where the error involves a substantial right of the accused, a reviewing court may, at its discretion, consider the merits of defendant's claim. (*People v. Weinstein* (1966), 35 Ill. 2d 467, 220 N.E.2d 432; 87 Ill. 2d R. 615(a).) Such an instance exists in this case.

■ Generally, failure to raise an issue in a motion to withdraw guilty pleas and petitions for post-conviction relief waives review of the issue. (*People v. McKean* (1981), 94 Ill. App. 3d 502, 418 N.E.2d 1130; *People v. Fuca* (1969), 43 Ill. 2d 182, 251 N.E.2d 239; 87 Ill. 2d R. 604(d).) However, the same concerns which apply to the voluntary guilty plea apply here.

Section 5—4—2(a) of the Unified Code of Corrections states:

"After conviction and before sentencing, the defendant shall be permitted, subject to the approval of the State's Attorney, to plead guilty to other offenses he has committed which are within the same county. If the defendant is not formally charged with such offenses, an information shall be filed on the basis of defendant's admission of guilt. Submission of such a

plea shall constitute a waiver of all objections which the defendant might otherwise have to the charge. If such a plea is tendered and accepted, the court shall sentence the defendant for all offenses in one hearing under Section 5—8—4." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—2(a)).)

Defendant argues that she was in effect sentenced to 2½ extra months' imprisonment because the State's Attorney did not give her the opportunity to plead guilty on the instant charge prior to sentencing on the May 9 conviction.

██ ■ This section has not been interpreted by the court. The purpose of section 5—4—2(a) is to provide for consolidation of all outstanding charges against the defendant for a single sentencing. (Ill. Ann. Stat., ch. 38, par. 1005—4—2(a), Council Commentary, at 349 (Smith-Hurd 1982).) The first step in statutory analysis is to give effect to the legislature's intent. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174, 1175.) Statutory language is considered first. Where the language is clear, it will be given effect without resort to other construction aids. *People v. Boykin* (1983), 94 Ill. 2d 138, 445 N.E.2d 1174.

In the instant case, the statute says defendant shall be allowed to plead guilty to other offenses with the approval of the State's Attorney. In effect, both parties must agree before sentencing on other offenses will be held simultaneously with sentencing on the convicted offense. The section provides an opportunity for joint sentencing but does not require it.

██ From the section's language, defendant's guilty plea on unrelated offenses during the period after conviction but before sentencing is subject to the approval of the State's Attorney. Therefore, the defendant does not have a statutory right to plead guilty and be sentenced simultaneously for the unrelated offenses. Concomitantly, the State's Attorney has no statutory duty to offer the defendant an opportunity to enter a guilty plea on all potential charges. Additionally, we note that creation of such a duty would result in increased administrative difficulties at the trial level.

For the above reasons, we affirm the trial court.

Affirmed.

GREEN, P.J., and MILLS, J., concur.