THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN L. JENKINS, Defendant-Appellant.

Fourth District    No. 4—85—0331

Opinion filed March 6, 1986.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Robert J. Biderman and Michael Blazicek, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was charged with robbery, two counts of home invasion, residential burglary, and aggravated criminal sexual assault. (Ill. Rev. Stat. 1983, ch. 38, pars. 18—2(a), 12—11, 19—3(a); Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14.) He entered a plea of guilty to counts II and V, home invasion and residential burglary. He was thereafter sentenced to concurrent terms of 25 years' imprisonment for home invasion and five years' imprisonment for residential burglary, with 219 days credit for time served; and was ordered to pay costs and restitution of $4,420.80 as part of the sentence for home invasion, and costs and restitution of $4,242.80 in connection with the residential burglary charge. Defendant filed a motion to withdraw his guilty plea on the basis of excessiveness of sentence. The trial court denied the motion. Defendant appeals from the judgment of the circuit court of Woodford County.

The case arises from an incident on the night of March 8, 1984, when defendant, accompanied by Joe Nelson and David Powell, approached the residence of the victim, a 67-year-old woman who lived alone. Powell waited in the van, while defendant and Nelson cut the phone wires to the victim's home. Defendant entered a window of the residence, armed with a knife, came into physical contact with the victim, and took $7 from her. Defendant gave separate statements to authorities on September 5, 1984, and September 6, 1984. In January 1985, defendant filed a motion to suppress confession aimed at his statements of September 1984. Defendant's motion was denied at hearing on January 22, 1985. After a recess, defendant's counsel informed the court that defendant was prepared to plead guilty to counts II and V of the pending charges under an "open" plea. The defendant was eligible for an extended-term sentence based upon the age of the victim, but the State agreed that the facts would not support consecutive sentences. Defendant was admonished pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402) prior to the entry of his plea, but restitution was not mentioned. During the course of the hearing the language charging count II was amended, as was the factual basis, with defendant's consent. Following the admonitions, defendant entered a plea of guilty to both counts, and the court allowed the State's motion to dismiss counts I, III, and IV.

On April 2, 1985, the sentencing hearing was held. Various witnesses testified, including the defendant and the victim; photographs of the victim, showing bruises caused by the defendant, were admitted as exhibits. Defendant was sentenced and thereafter filed a mo-

tion to withdraw the guilty plea based on excessiveness of sentence. That motion was denied, and this appeal followed.

The first issue raised by defendant is that the indictment charging him with count II, home invasion, was insufficient as a matter of law because it did not contain the allegation that the defendant used or threatened force, or intentionally caused injury to the complainant. The State contends that defendant has waived any error which may have occurred by entering a voluntary plea of guilty.

■ It is well established that a voluntary plea of guilty waives any prior defect other than those of a jurisdictional nature and that such a plea may waive prior violations of constitutional rights. (*People v. Stanley* (1972), 50 Ill. 2d 320, 321-22, 278 N.E.2d 792, 794; *People v. Ondrey* (1976), 65 Ill. 2d 360, 363-64, 357 N.E.2d 1160, 1162; *People v. Owens* (1985), 131 Ill. App. 3d 381, 383, 475 N.E.2d 649, 650.) Similarly, if an issue is not contained in a defendant's motion to withdraw his guilty plea, it may not be made for the first time on appeal, and the failure to include such issues in the motion may even waive prior violations of constitutional rights. (*People v. Walker* (1980), 83 Ill. 2d 306, 314-15, 415 N.E.2d 1021, 1025; *People v. Owens* (1985), 131 Ill. App. 3d 381, 475 N.E.2d 649.) The reviewing court may, at its discretion, consider the merits of a defendant's claim. 87 Ill. 2d R. 615(a).

Defendant raises this argument for the first time on appeal. Further, he acknowledges that at the hearing at which the pleas were taken, after comment by the court, the prosecutor and defense counsel stipulated to amendment of the indictment setting forth count II, thereby adding the language "and threatened the imminent use of force by coming into physical contact with [the victim]"; and further amended the factual basis to state that the defendant had entered the window and had in fact come into contact with the victim. Although defendant had the opportunity to personally object to the procedure, he did not do so. Nevertheless, the defendant argues that because the *original indictment* said nothing about his alleged physical contact with the victim, he was therefore not prepared to meet the accusation.

■ When attacked for the first time on appeal, a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.) Our supreme court has held that (1) the form of a charge may be waived by a defendant under certain circumstances

(*People v. Bradford* (1975), 62 Ill. 2d 21, 338 N.E.2d 182; *People v. Harding* (1966), 34 Ill. 2d 475, 482, 216 N.E.2d 147, 152); and (2) a defective charging instrument does not operate to deprive the circuit court of subject-matter jurisdiction (*People v. Rege* (1976), 64 Ill. 2d 473, 478, 356 N.E.2d 537, 539; *People v. Gilmore* (1976), 63 Ill. 2d 23, 27, 344 N.E.2d 456, 459), nor does it necessarily render the charge void (*People v. Walker* (1980), 83 Ill. 2d 306, 415 N.E.2d 1021; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437). (See *People v. Pankey* (1983), 94 Ill. 2d 12, 17, 445 N.E.2d 284, 287-88.) We conclude that waiver applies here.

■ Moreover, we would reject the defendant's argument on the merits. First, the defendant stipulated to amendment of the charge. Second, the counts dismissed under the plea agreement included count IV, home invasion (charging that defendant, "who is not a police officer acting in the line of duty, without authority, knowingly entered the dwelling of [the victim], knowing a person to be present and intentionally caused injury to [the victim]"); and count III, aggravated criminal sexual assault (charging that the defendant committed an act of sexual penetration by the use of force and the victim was over 60 years of age at the time of the offense). It can hardly be argued that the defendant was not prepared to meet the accusation that he had physical contact with the victim during the course of conduct from which the charges arose.

■ Defendant's argument that this conviction would not be a bar to further prosecution for assault or battery on the victim arising out of this course of conduct is also without merit. A prior prosecution on the same facts may be proved by resort to the record. (*People v. Jones* (1973), 53 Ill. 2d 460, 464, 292 N.E.2d 361, 363.) In addition, the statutory provisions of the Criminal Code of 1961 afford the defendant protection. See Ill. Rev. Stat. 1983, ch. 38, pars. 3—3, 3—4.

■ Defendant's second argument on appeal is that his guilty plea should be vacated as not voluntarily and knowingly entered because he was not told, at the time of the plea hearing, that the victim of the offense would testify at the sentencing hearing about the criminal sexual assault committed upon her by the defendant at the time of the offenses. The record shows that the defendant made no inquiry at the plea hearing as to what testimony would be offered at sentencing. Neither the prosecutor nor the court made any misrepresentation or statement which could have misled the defendant. Defendant does not allege that his attorney misinformed him. Defense counsel was aware that the State could present such evidence since, at the sentencing hearing, prior to the victim's testimony, he made a motion *in limine*

to exclude testimony on the details of the physical contact. The trial court expressly relied on this court's decision in *People v. Ely* (1982), 107 Ill. App. 3d 102, 437 N.E.2d 353, in denying the motion.

We find *Ely* controlling on this issue. There, the defendant was charged with two counts of home invasion, two counts of armed robbery, three counts of armed violence, and one count of burglary. He entered pleas of guilty to one count of armed robbery and one count of armed violence in exchange for the State's agreement to dismiss the remaining six counts. In providing the factual statement for the plea, the prosecutor noted that the defendant had not been charged with committing rape in connection with this occurrence, and the defense attorney's objection to the reference to the alleged sexual assault (of the defendant's wife) was overruled by the trial court. The defendant persisted in his pleas. At sentencing, testimony of forcible sexual intercourse was presented and defendant's objection was overruled. The defendant was sentenced to two concurrent extended terms of 60 years' imprisonment on the convictions of armed robbery and armed violence. On appeal, the defendant argued that the trial court erred in relying upon the characteristics of an offense not charged for the requisite finding that the offenses to which the defendant pleaded guilty were brutal and heinous.

In *Ely*, this court affirmed, observing that the supreme court considered the issue of whether, in imposing an extended-term sentence, a trial judge may consider evidence of misconduct by the defendant which did not result in prosecution and conviction in *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, and rejected defendant's argument. (See also *People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258.) Here the defendant persisted in his plea of guilty under an open plea agreement, having been admonished as to the possibility of an extended-term sentence.

■ Defendant's third argument on appeal is that his conviction and sentence for residential burglary must be vacated because the residential burglary statute and its related sentencing provisions (Ill. Rev. Stat. 1983, ch. 38, pars. 19—3, 1005—5—3(c)(2), 1005—8—1(a)(4)) are unconstitutional (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, secs. 2 and 11). The State argues that the defendant has waived this claim since he did not raise it as an objection at the plea hearing or the sentencing hearing. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) We need not consider the waiver question, however, since the constitutionality of the residential burglary statute and the related penalty provisions have been upheld in *People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517.

608

■ As a fourth issue on appeal, defendant argues that the trial court erred in sentencing him by considering improper factors, having refused to delete allegedly prejudicial and hearsay reports from defendant's presentence report; and that the sentences imposed must therefore be vacated and the cause remanded for a new sentencing hearing.

Defendant contends that the trial court erred by considering, over defense counsel's objection, unsubstantiated allegations, specifically (1) a statement made by defendant's ex-wife that he had told her he had abused their infant son, and (2) a reference in the presentence report to a police incident report concerning his alleged conduct of fondling the leg of his ex-wife's grandmother while she was sleeping. In support of this argument, defendant cites *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344, and this court's decision in *People v. Thomas* (1983), 111 Ill. App. 3d 451, 444 N.E.2d 288.

The trial court, in determining the nature and degree of punishment, is not confined to the evidence presented at trial and may search anywhere, within reasonable bounds, for facts which may aid its determination of proper sentence. Evidence of criminal conduct which has not been the subject of prosecution and conviction may be admissible at the sentencing hearing; however, the trial judge must exercise care to insure that the information is relevant and accurate. (*People v. Ely* (1982), 107 Ill. App. 3d 102, 437 N.E.2d 353.) After a careful review of the record of the sentencing hearing, we find that the resultant error, if any, was harmless. (*People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.) The court's remarks in sentencing suggest that the judge was significantly concerned with the nature and circumstances of this particular offense. Under *Bourke*, reliance on an improper factor in aggravation does not always necessitate remandment for resentencing. We conclude that any weight placed on the improperly considered evidence as an aggravating factor was so insignificant that it did not lead to a greater sentence. Hence, remandment is not required. See *People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340, and cases cited therein.

■■ Defendant also argues that his guilty plea must be vacated because he was ordered to pay restitution as an increment to the sentencing disposition when he had not been admonished by the trial court that a sentence including restitution was a possible disposition in his cause. The State maintains that defendant has waived any error by failing to raise the issue in his motion to vacate the guilty plea.

The State's argument of waiver was rejected by this court in *People v. Culp* (1984), 127 Ill. App. 3d 916, 919, 468 N.E.2d 1328, 1330.

In that case, the defendant had not been admonished prior to acceptance of his guilty plea that the court was reserving restitution as an increment of sentencing disposition, although that defendant had been admonished of the maximum term of imprisonment. Here, the record shows no reference whatever to restitution until the trial judge pronounced sentence. Compare *People v. Culp* (1984), 127 Ill. App. 3d 916, 925-26, 468 N.E.2d 1328, 1334-35.

On the merits of the argument, we find *Culp* applicable. As stated in *Culp*:

"[W]e conclude that by entry of a guilty plea a defendant is exposed to sentences within the range stated by the trial court in admonishments preceding entry of the plea. ***

* * *

To the extent that the trial court *** admonished the defendant of the maximum sentence applicable to the offenses covered by the agreement only in terms of imprisonment and fines, we conclude that such comprised the sentencing options available to it after entry of the plea." (*People v. Culp* (1984), 127 Ill. App. 3d 916, 925-26, 468 N.E.2d 1328, 1334-35.)

Limited to such circumstances as those, which we find to be distinct from restitution ordered as a condition of probation, we find that the restitution order exceeded the "maximum sentence" of which the defendant had been admonished upon entry of his guilty plea. Therefore, we vacate the order of restitution. Defendant's argument does not require vacature of his pleas. As long as the restitution ordered is vacated, the sentences imposed were within the limits stated to him prior to entry of the plea. (See *People v. Wenger* (1976), 42 Ill. App. 3d 608, 610-11, 356 N.E.2d 432, 434-35; *People v. Wills* (1974), 23 Ill. App. 3d 25, 32, 319 N.E.2d 269, 274, *aff'd in part, rev'd in part* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430.) In view of the result we have reached on this issue, we need not discuss the other arguments raised by the defendant as to the restitution ordered.

Affirmed in part and vacated in part.

GREEN and SPITZ, JJ., concur.