158 Ill. App.3d 175 (1987)
511 N.E.2d 836
In re R.L.B., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.L.B., Respondent-Appellant).
No. 2-86-0653.
Illinois Appellate Court  Second District.
Opinion filed July 22, 1987.
G. Joseph Weller, John F. Murphy, and Kim M. DeWitt, all of State Appellate Defender's Office, of Elgin, for appellant.
Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Judgment affirmed.
JUSTICE INGLIS delivered the opinion of the court:
Respondent, R.L.B., was charged by means of a delinquency petition with one count of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19-3) and entered an admission to this charge. At the conclusion of respondent's dispositional hearing on October 17, 1985, the trial court ordered him to serve a period of probation, with payment of $4,000.25 in restitution to the victim as one of the conditions.
Respondent originally filed an untimely notice of appeal on November 21, 1985, without having presented a motion to withdraw his admission to a delinquent act. Supreme Court Rule 604(d) (107 Ill.2d R. 604(d)) states that no appeal may be taken from a judgment entered upon a guilty plea unless defendant files a motion to vacate the plea within 30 days of sentencing. While this rule is applicable to juvenile delinquency proceedings, it may be excused where the trial court fails, pursuant to Supreme Court Rule 605(b) (107 Ill.2d R. *176 605(b)), to admonish defendant of the necessity of complying with Rule 604(d). (See In re F.D. (1980), 89 Ill. App.3d 223, 228-29.) We noted from the record that the trial court in the instant case failed to properly admonish respondent of the necessity of complying with Rule 604(d) prior to his taking an appeal; therefore, we remanded this case to the trial court to allow respondent to file a motion to withdraw his admission. This motion was denied on July 7, 1986, and the instant appeal followed.
On appeal, respondent first contends that his admission was not voluntarily entered because the trial court failed to admonish him of the possibility that it would order restitution. Respondent also asserts that the trial court erred in ordering restitution without ensuring that respondent's alleged accomplices would also be ordered to pay restitution.
We reject respondent's contention that his admission was not voluntarily entered because the trial court failed to admonish him prior to its entry of the possibility that restitution would be ordered. In People v. Valek (1979), 69 Ill. App.3d 759, 763, the court rejected a similar argument, ruling that no such admonishment was necessary when restitution is imposed as a condition of defendant's probation.
Respondent's reliance upon People v. Jenkins (1986), 141 Ill. App.3d 602, and People v. Culp (1984), 127 Ill. App.3d 916, is misplaced. In both of these cases, the trial court adequately admonished defendants regarding the possible maximum terms of imprisonment, but failed to mention the possibility of restitution. The trial court then imposed the maximum prison terms along with restitution. On appeal, the court in both cases held that the imposition of restitution was improper since the sentences exceeded the maximum sentences of which defendants had been admonished prior to entering their pleas. (People v. Jenkins (1986), 141 Ill. App.3d 602, 609; People v. Culp (1984), 127 Ill. App.3d 916, 925-26.) In the instant case, the trial court admonished respondent prior to the entry of his admission that he could be sentenced to the Department of Corrections. Instead, respondent received probation. His sentence was, therefore, not in excess of the maximum possible sentence to which he had been admonished, as it was for the defendants in Jenkins and Culp.
We further note that in Jenkins the court stated that the circumstances were "distinct from restitution ordered as a condition of probation" and limited its holding to the particular circumstances of that case. (People v. Jenkins (1986), 141 Ill. App.3d 602, 609.) The holdings in Jenkins and Culp are, therefore, not applicable to this case.
Respondent's reliance on In re S.K. (1985), 137 Ill. App.3d 1065, *177 is similarly misplaced. In S.K., the court held that a minor's admission was not voluntarily and intelligently made when the trial court failed to admonish the minor about any of the possible consequences of his admission and then ordered him to be placed in the Department of Corrections. (137 Ill. App.3d 1065, 1071.) In so holding, the court noted that most juvenile court judges are careful to advise minors of the potential consequences of an admission to a delinquent act, including the possibility that the minor could be made a ward of the court, that he may be committed to the Department of Corrections, that he may be placed in a home other than his present home, or that he may receive probation or conditional discharge. (137 Ill. App.3d 1065, 1071.) In the instant case, the trial judge advised respondent of each of these possible dispositions. We, therefore, conclude that respondent's admission was voluntarily and intelligently entered.
Respondent also contends that imposing restitution as a condition of probation was improper under section 5-5-6(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005-5-6(c)), because respondent's two alleged accomplices, who were not before the trial court in this case, were not required to pay restitution. The record reveals that respondent's probation was subsequently revoked for reasons unrelated to his restitution obligation and respondent has been committed to the Department of Corrections until he reaches the age of 21. Since restitution was a condition of respondent's probation, which has been revoked, and since the trial judge did not order restitution in his most recent disposition, respondent is no longer required to pay restitution. The second issue raised by respondent is, therefore, moot.
Accordingly, the judgment of the circuit court of Ogle County is affirmed.
Affirmed.
LINDBERG, P.J., and NASH, J., concur.