NO. 4-06-0900          Filed 7/31/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellee,          )   Circuit Court of
          v.                           )   Vermilion County
LeROY D. THOMPSON,                     )   No. 05CF444
          Defendant-Appellant.         )
                                       )   Honorable
                                       )   Michael D. Clary,
                                       )   Judge Presiding.

_____

JUSTICE TURNER delivered the opinion of the court:

In July 2005, the State charged defendant, LeRoy D. Thompson, with four counts of burglary (720 ILCS 5/19-1(a) (West 2004)) and three counts of criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2004)). In June 2006, pursuant to a plea agreement, defendant pleaded guilty to the four burglary charges in exchange for a sentence cap of seven years' imprisonment and dismissal of the other three charges. In August 2006, the court sentenced defendant to four concurrent six-year prison terms and ordered him to pay restitution to Moon Glo, Rosie's Tavern, Quick Lube, My Brother's Liquors, and Burger King. Defendant filed a motion to vacate the restitution order and reconsider his sentence, contending he was not involved in the Quick Lube and Burger King burglaries. After a September 2006 hearing, the court vacated the restitution to Quick Lube and Burger King and affirmed the sentencing order in all other respects.

Defendant appeals, asserting (1) he was denied effective assistance of counsel at his sentencing hearing because his counsel did not set forth a known mitigating factor and (2) the restitution order should be vacated in its entirety because the trial court failed to admonish him about it as required by Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2)). We affirm.

## I. BACKGROUND

According to the State's factual basis, defendant had confessed to police officers that, on July 20, 2005, he and Robert Quick had been smoking dope most of the day. While driving around, Quick indicated he knew how to get some money and all defendant would have to do was drive a car. Thus, on the remainder of that day and into the next, defendant drove Quick to Rosie's Tavern, Moon Glo, Country Cookin', and My Brother's Liquors. At each place, defendant would drop Quick off, drive away, return 10 to 15 minutes later, and pick up Quick.

Phil Adams, the owner of Moon Glo, noted someone had entered his business on July 21, 2005, and damaged two poker machines. On July 21, 2005, Delores Wimsett, an employee of Country Cookin', discovered someone had forced the front door open the prior evening, causing damage to the building and taking some quantity of cash from a poker machine. Mary Cottle of Rosie's Tavern observed the main door to her business was kicked

- 2 -

open and damaged and the video poker machines inside also received damage. On July 21, 2005, David Winchester, the owner of My Brother's Liquors, found damage to his business from the forced entry and damage to his poker machines.

On July 22, 2005, the State charged defendant and Quick with one count of burglary for each of the four businesses and one count of criminal damage to property for each of the businesses except My Brother's Liquors. The State also charged Quick with other crimes relating to different businesses. In June 2006, defendant and the State entered into a plea agreement, under which defendant would plead guilty to the four burglary counts with a sentence cap of seven years' imprisonment and the State would seek the dismissal of the other three charges. At the plea hearing, the trial court advised defendant that each count of burglary was punishable by (1) 3 to 7 years' imprisonment, which could be 7 to 14 years if aggravating factors were present; (2) 2 years' mandatory supervised release (MSR); (3) up to 4 years' probation; and (4) up to a $25,000 fine. After admonishments and hearing the State's factual basis, the court accepted the plea agreement.

On July 27, 2006, defendant's presentence report was filed. The presentence report indicated defendant had a three-year-old son, for whom he gave the child's mother $50 to $100 per week in support that was not court ordered. Defendant also sent

the trial court two letters, which the court noted it did not consider as a matter of personal policy. In the letters, defendant noted his son's mother was in college, unemployed, and thus in need of financial support for the child. Defendant also noted he had provided for his son financially in the past and wanted to continue to do so in the future. At an August 2006 sentencing hearing, defendant testified on his own behalf about his (1) desire to undergo long-term residential drug treatment and (2) work as a tattoo artist. Defendant also acknowledged he did not have a very good history of showing up in court. After hearing the parties' arguments, the trial court sentenced defendant to four concurrent terms of six years' imprisonment and ordered him to pay the following restitution in five years: $350 to Moon Glo, $514 to Rosie's Tavern, $234.79 to Quick Lube, $657.90 to My Brothers Liquors, and $7,196.83 to Burger King. The court ordered the restitution to be joint and several with codefendant Quick, who, according to the presentence report, was ordered to pay the same amounts of restitution.

After sentencing, defendant filed a motion to vacate the restitution order related to Quick Lube and Burger King and reconsider his sentence because he was not involved in the crimes that occurred at those businesses. After a September 2006 hearing, the court vacated the restitution order as to Quick Lube and Burger King and affirmed the sentencing order in all other

respects.  This appeal followed.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Defendant first argues his sentencing counsel was ineffective for failing to point out a statutory mitigating factor that should have been known to counsel.

This court reviews ineffective-assistance-of-counsel claims under the standard set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  People v. Evans, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999).  To obtain reversal under Strickland, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant.  Evans, 186 Ill. 2d at 93, 708 N.E.2d at 1163.

To satisfy the deficiency prong of Strickland, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI).  Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy.  Evans, 186 Ill. 2d at 93, 708 N.E.2d at 1163.  To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but

for counsel's unprofessional errors, the proceedings' result would have been different. Evans, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. The Strickland Court noted that, when a case is more easily decided on the ground of lack of sufficient prejudice rather than that counsel's representation was constitutionally deficient, the court should do so. Strickland, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

Here, defendant asserts his counsel failed to point out the excessive hardship a term of imprisonment would be on his son and son's mother, a statutory mitigating factor (730 ILCS 5/5-5-3.1(a)(11) (West 2004)). However, defendant has failed to establish the prejudice prong of the Strickland test. First, the presentence report, which the trial court had received, indicated defendant had a three-year-old son and he paid his son's mother $50 to $100 a week in support. Thus, the court was aware imprisonment would be a hardship on defendant's son and son's mother as defendant had provided financial support to them.

Second, it is unlikely this mitigating factor would have held any weight in sentencing defendant. Defendant, who was 28 years old, had a criminal history of three retail-theft convictions, two theft convictions, and a criminal-sexual-abuse conviction. Defendant had also been in prison before as he received a 2-year prison term for one of the theft convictions and an 18-month prison term for one of the retail-theft convic-

tions.  Further, defendant was being sentenced for his role in a string of four burglaries that the court noted were not the result of a "spur-of-the-moment, rash decision influenced perhaps by drugs or alcohol."

Accordingly, we find defendant was not denied effective assistance of counsel by his sentencing counsel's failure to point out the excessive hardship imprisonment would have on defendant's son and his son's mother.

### B. Restitution

Defendant also contends the restitution order should be vacated in its entirety because the trial court did not admonish him about the possibility of paying restitution as required by Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2)).  The State contends defendant has forfeited this issue under Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)) by failing to raise this issue in a postplea motion.

Under Rule 604(d), any issue not raised in a motion to withdraw a guilty plea or to reconsider a sentence after a guilty plea is forfeited.  However, in People v. Fuller, 205 Ill. 2d 308, 322-23, 793 N.E.2d 526, 537 (2002), our supreme court stated that, if a trial court fails to give a defendant admonishments in compliance with Rule 402 (177 Ill. 2d R. 402), that failure may amount to plain error, an exception to the forfeiture rule set forth in Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)).

Defendant notes this court rejected the State's forfeiture argument in People v. Jenkins, 141 Ill. App. 3d 602, 608-09, 490 N.E.2d 953, 957-58 (1986), a direct-appeal case, and vacated the restitution order. However, in rejecting the forfeiture argument, the Jenkins decision relied upon this court's earlier decision in People v. Culp, 127 Ill. App. 3d 916, 919-21, 468 N.E.2d 1328, 1330-31 (1984), which had declined to apply Rule 604's forfeiture provision because the restitution issue was raised in a postconviction petition. Jenkins, 141 Ill. App. 3d at 608-09, 490 N.E.2d at 957. In light of our supreme court's more recent decision in Fuller, 205 Ill. 2d at 322-23, 793 N.E.2d at 537, and Jenkins's questionable reliance on Culp, we conclude defendant has forfeited his restitution argument unless the plain-error exception applies.

Before this court can invoke the plain-error exception, we must determine whether any reversible error occurred. A trial court's failure to properly admonish a defendant itself does not automatically establish grounds for reversing the judgment or vacating the plea. Substantial compliance with Rule 402 suffices to establish due process. Moreover, whether an imperfect admonishment requires reversal depends on whether real justice has been denied or whether the inadequate admonishment prejudiced the defendant. Fuller, 205 Ill. 2d at 323, 793 N.E.2d at 537.

In Culp, 127 Ill. App. 3d at 925, 468 N.E.2d at 1334,

- 8 -

this court held that, under Rule 402(a)(2) (87 Ill. 2d R. 402(a)(2)), a trial court must admonish a defendant about the possibility of restitution. Thus, the trial court in this case did err by failing to admonish defendant about a potential restitution order. However, we must determine whether that error constitutes reversible error.

While our supreme court has not addressed whether the failure to admonish a defendant under Rule 402(a)(2) about restitution constitutes reversible error, it has addressed whether the failure to admonish a defendant about a MSR term under the rule constitutes reversible error. See People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005). In Whitfield, 217 Ill. 2d at 193, 840 N.E.2d at 668, our supreme court recognized the appellate court's distinction "between 'open' guilty pleas and negotiated pleas for a specific sentence." In the former situation, the failure to admonish a defendant concerning a MSR term is not a constitutional violation, as long as the sentence plus the term of MSR is less than the maximum sentence that the defendant was told he could receive. Whitfield, 217 Ill. 2d at 193, 840 N.E.2d at 668. With the latter, the court's failure to advise the defendant about the MSR term has been held to be reversible error and a violation of due process. Whitfield, 217 Ill. 2d at 194, 840 N.E.2d at 669.

The Whitfield facts fell into the latter category, and

our supreme court found no substantial compliance with Rule 402 and a due-process violation. <u>Whitfield</u>, 217 Ill. 2d at 195, 840 N.E.2d at 669. The court noted the defendant was prejudiced by the omitted admonition because he received a more onerous sentence than the one he was told he would receive. <u>Whitfield</u>, 217 Ill. 2d at 201, 840 N.E.2d at 673. The addition of the MSR term constituted an unfair breach of the plea agreement. <u>Whitfield</u>, 217 Ill. 2d at 195, 840 N.E.2d at 669.

Unlike <u>Whitfield</u>, this case does not involve an agreement for a specific sentence. As to potential sentences, the trial court advised defendant each count was punishable (1) by 3 to 7 years' imprisonment, which could be 7 to 14 years if aggravating factors were present; (2) 2 years of MSR; (3) up to 4 years' probation; and (4) up to a $25,000 fine. The court later sentenced defendant to four concurrent terms of six years' imprisonment and the following restitution: $350 to Moon Glo, $514 to Rosie's Tavern, $234.79 to Quick Lube, $657.90 to My Brothers Liquors, and $7,196.83 to Burger King. The court later vacated the restitution to Burger King and Quick Lube because defendant did not plead guilty to the crimes at those locations. Thus, defendant was actually ordered to pay a total of $1,242.69 in restitution. In this case, defendant's sentence is clearly lower than the agreed maximum prison term of seven years and the admonished maximum fine of $25,000.

Accordingly, we conclude defendant was not prejudiced by the incomplete admonishment as he did not receive a more onerous sentence than the one he was told he would receive. Since defendant did not receive a more onerous sentence, his plea agreement was not breached and the imperfect admonishment did not deny him real justice. Thus, the court's failure to admonish defendant about the possibility of a restitution order did not constitute plain error.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

McCULLOUGH and COOK, JJ., concur.