No. 2-08-0436     Filed: 3-4-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--3671 |
| PATRICIA M. SEYFERLICH, | ) ) | Honorable Mark W. Dwyer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

Defendant, Patricia M. Seyferlich, entered a nonnegotiated plea of guilty to a single count of theft (720 ILCS 5/16--1(a)(1)(A) (West 2002)). According to the factual basis of the plea, from 2003 to 2006, defendant, who was an employee of a medical practice, stole insurance copayments totaling $46,311.09. Prior to accepting defendant's plea, the trial court admonished her that she could be sentenced to a prison term of no less than three years and no more than seven years, which would be followed by a two-year term of mandatory supervised release. The trial court further admonished defendant that her sentence could include a fine of up to $25,000. However, the trial court neglected to inform defendant that she could be ordered to make restitution. Following a sentencing hearing, the trial court imposed a four-year prison term and ordered defendant to pay $46,311 in restitution. Defendant unsuccessfully moved for reconsideration of her sentence and this appeal followed. We affirm.

Defendant argues that the trial court erred by failing to admonish her of the possibility of restitution. Citing the Fourth District's decision in People v. Jenkins, 141 Ill. App. 3d 602 (1986), defendant argues that the amount of restitution must be reduced to $25,000, which, defendant notes, "is the maximum financial penalty [defendant] was told she would face as a result of pleading guilty." In Jenkins, the defendant pleaded guilty to charges of residential burglary and home invasion. As part of his sentences for those offenses, he was ordered to pay restitution. He sought to vacate his guilty plea because he had not been made aware that his sentence might include restitution. The Jenkins court concluded that "the restitution order exceeded the 'maximum sentence' of which the defendant had been admonished upon entry of his guilty plea." Jenkins, 141 Ill. App. 3d at 609. Although the defendant sought to vacate his guilty plea, the Jenkins court concluded that the appropriate remedy was simply to eliminate the restitution order, noting that "[a]s long as the restitution ordered is vacated, the sentences imposed were within the limits stated to [defendant] prior to entry of the plea." Jenkins, 141 Ill. App. 3d at 609.

Here, defendant was advised that she might face a fine of up to $25,000. She acknowledges that, because she received no fine, in practical terms a restitution order of up to $25,000 would be within the range of sentences that she was told could be imposed. See People v. Petero, 384 Ill. App. 3d 594 (2008); People v. Thompson, 375 Ill. App. 3d 488 (2007). However, she insists that, consonant with Jenkins, the restitution award cannot exceed that amount.

In our view, the remedy given in Jenkins--vacatur of the restitution order--was inappropriate. In formulating that remedy, the Jenkins court cited an earlier Fourth District decision, People v. Culp, 127 Ill. App. 3d 916, 925 (1984), for the proposition that "by entry of a guilty plea a defendant is exposed to sentences within the range stated by the trial court in admonishments preceding entry of

the plea." Culp, 127 Ill. App. 3d at 924-25, in turn relied on People v. Wenger, 42 Ill. App. 3d 608 (1976), which quoted the First District's decision in People v. Jackson, 13 Ill. App. 3d 232 (1973), for the proposition that " '[j]ustice and fairness demand that if a guilty plea rests on an inaccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled.' " (Emphasis omitted.) Wenger, 42 Ill. App. 3d at 611, quoting Jackson, 13 Ill. App. 3d at 236. By characterizing the trial court's admonitions concerning the range of sentences for an offense as "implied promises," the Jackson court seemingly viewed the admonitions as part of a bargaining process between the court and the defendant. We do not share this view. The necessary admonitions--which are mandated by Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2))--are designed "to insure that [the defendant's] guilty plea is intelligently and understandingly made, as required by Boykin[ v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)]." 177 Ill. 2d R. 402, Committee Comments. It is not the court's role to bargain with a defendant to secure his or her guilty plea.

It appears that the Fourth District (wisely, we believe) has stepped back from the idea expressed in Jackson that incorrect admonitions regarding sentencing options function as promises by the trial court to the defendant. In People v. Harris, 359 Ill. App. 3d 931 (2005), the defendant pleaded guilty to one count of armed robbery. In exchange for his plea, other charges were dismissed, but there was no agreement concerning sentencing. The trial court sentenced the defendant to 22 years' imprisonment and ordered the sentence to be served consecutively to an 18-month prison term in an unrelated case. The trial court had accepted the defendant's plea without first informing him that he faced the possibility of consecutive sentences. The Harris court observed that "[i]f the court's failure to properly admonish a defendant results in the denial of 'real justice' or [in]

prejudice to the defendant, the reviewing court should vacate the defendant's guilty plea and allow the defendant to plead anew." Harris, 359 Ill. App. 3d at 936. However, the Harris court concluded that it was not necessary to determine whether the improper admonition in that case required that the defendant's guilty plea be vacated. The court observed:

"[D]efendant does not seek that remedy. Instead, he asks this court for the wrong remedy--namely, that this court amend his sentencing order to reflect that his 22-year prison sentence is to be served concurrently with his 18-month sentence ***." (Emphasis added.) Harris, 359 Ill. App. 3d at 937.

In light of Harris, it is doubtful whether Jenkins can still be considered good law. The Fourth District has not expressly aborgated Jenkins, choosing on one occasion to distinguish it. See Thompson, 375 Ill. App. 3d at 492-94. However, there are no published decisions after Jenkins in which the Fourth District vacated or reduced an award of restitution on the basis that an incorrect admonition amounted to an "implied promise."

We note that the Harris court distinguished People v. Wills, 251 Ill. App. 3d 640 (1993), a decision that relied, in part, on Jackson. In Wills, the defendant pleaded guilty to multiple theft charges and agreed to cooperate with the State in the prosecution of his coconspirators in the theft schemes. The trial court accepted his guilty plea without informing him that he might face consecutive sentencing. Holding that consecutive sentences were improper, the Wills court reasoned that the defendant "relied to his detriment on the trial court's admonishments and made statements against his interest implicating himself in the schemes." Wills, 251 Ill. App. 3d at 645. The Harris court noted that, "[u]nlike in Wills, no unusual circumstances exist here that require this court to amend defendant's sentencing order." Harris, 359 Ill. App. 3d at 937. The same is true in this case.

The objective of ensuring that guilty pleas are entered voluntarily and intelligently is not advanced by a rule that affords defendants a sentencing windfall by treating misstatements by the trial court as promises. If defendant would not have pleaded guilty but for the incomplete admonition, her remedy was to seek leave to withdraw her plea. Unlike the defendant in Wills, had defendant here been permitted to withdraw her plea, she would have been no better or worse off than before she entered it. However, defendant failed to seek such relief in the trial court and may not now challenge the plea. See 210 Ill. 2d R. 604(d).

People v. Whitfield, 217 Ill. 2d 177 (2005), does not require a different result. In that case, the defendant entered a negotiated guilty plea to first degree murder. He had agreed to serve a 25-year prison term. He claimed, however, that he had not agreed to serve the additional three-year term of mandatory supervised release (MSR) that became a part of his sentence by operation of law pursuant to section 5--8--1(d)(1) of the Unified Code of Corrections (730 ILCS 5/5--8--1(d)(1) (West 2004)). The defendant did not argue that he had been promised he would not serve a term of MSR. Rather, he argued that the trial court was required to admonish him about MSR and that, because the trial court failed to do so, the plea agreement "as evinced by the record" could not be deemed to make MSR part of the negotiated sentence. Whitfield, 217 Ill. 2d at 186. The defendant contended that he was entitled to enforce his bargain with the State. Recognizing that the MSR term could not legally be stricken, the defendant argued that, in order to best approximate his bargain with the State, his prison term should be reduced by three years.

Our supreme court noted that the "benefit-of-the-bargain" theory espoused by the defendant was rooted in Santobello v. New York, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). Whitfield, 217 Ill. 2d at 184-85. The Santobello Court held that "when a plea rests in any significant

degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello, 404 U.S. at 262, 30 L. Ed. 2d at 433, 92 S. Ct. at 499. Restating that principle, the Whitfield court held that "if a defendant shows that his plea of guilty was entered in reliance on a plea agreement, he may have a due process right to enforce the terms of the agreement." Whitfield, 217 Ill. 2d at 189. The Whitfield court agreed with the defendant's contention that "his constitutional right to due process and fundamental fairness was violated because he pled guilty in exchange for a specific sentence, but received a different, more onerous sentence than the one he agreed to." Whitfield, 217 Ill. 2d at 188-89.

In granting the defendant's request to reduce his prison term, the Whitfield court reasoned that "adding the statutorily required three-year MSR term to defendant's negotiated 25-year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." Whitfield, 217 Ill. 2d at 190. Because the defendant in this case did not enter a negotiated plea, that reasoning has no application here. The defendant had no agreement with the State, so there was no agreement that could be either breached or enforced. For the reasons previously stated, Rule 402 admonitions, whether accurate or not, are not "promises" that give rise to an enforceable bargain when the defendant enters an otherwise nonnegotiated plea.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

O'MALLEY and HUDSON, JJ., concur.