8 September 2000

No. 2--99--0927 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

INDESCO PRODUCTS, INC., ) Appeal from the Circuit Court

and CERNAK, INC., ) of Du Page County. )

) 

Plaintiffs-Appellants, )

) 

v. ) No. 99--AR--1173

)

KEITH NOVAK, ) Honorable   

       ) Richard A. Lucas,

Defendant-Appellee.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

This appeal arises from the failure of a defendant convicted of theft in a criminal case to pay the full restitution due to the victim during the course of his sentence of probation.  Plaintiffs herein, Indesco Products, Inc., and Cernak, Inc., are the victims of the theft.

Plaintiffs appeal the trial court's dismissal of their complaint against defendant, Keith Novak.  They argue (1) that they stated a timely and valid claim to obtain a judgment for unpaid, court-ordered restitution; and, alternatively, (2) that they merely sought the wrong remedy and are entitled to amend their complaint.  Because we agree with plaintiffs' alternative argument, we reverse and remand.

Plaintiffs filed their complaint on May 20, 1999.  The complaint contained the following allegations.  On June 10, 1992, defendant was convicted of theft from plaintiffs.  He was sentenced to four years' probation and ordered to pay $48,258.04 in restitution.  During his probation, defendant paid $14,000.  After his probation ended, defendant paid nothing.  Plaintiffs sought a judgment for the $34,258.04 that remained unpaid.

Plaintiffs attached to their complaint a copy of the trial court's sentencing order in People v. Novak, No. 91--CF--1625.  It required defendant to pay the restitution of $48,258.04 in monthly installments of $300.

Pursuant to section 2--619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(5) (West 1998)), defendant moved to dismiss plaintiffs' complaint.  He alleged as follows.  Plaintiffs were seeking to "enforce a criminal sentence" for conversion.  Under section 13--205 of the Code (735 ILCS 5/13--205 (West 1998)), a conversion claim must be commenced within five years after the claim accrued.  Because defendant committed his crime no later than 1992, plaintiffs' complaint was untimely.

In their response, plaintiffs argued that they were not seeking damages for defendant's conversion.  Instead, they were seeking to recover for defendant's failure to make his court-

ordered restitution payments.  According to plaintiffs, that claim accrued in 1996, when defendant stopped making those payments upon completing his probation.  Thus, plaintiffs filed their complaint in compliance with section 13--205.  Plaintiffs concluded that the dismissal of their complaint would allow defendant "to subvert the court's [sentencing] order and unilaterally reduce the amount of restitution owed simply by discontinuing payments."

Plaintiffs further asserted that, under section 5--5--6(n) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5--

5--6(n) (West 1998)), they were barred from commencing an action for their conversion damages because those damages were awarded in the restitution order.  In his reply, defendant argued that, under section 5--5--6(k) of the Corrections Code (730 ILCS 5/5--5--6(k) (West 1998)), the restitution order barred no civil action by plaintiffs.

At the hearing on defendant's motion, defendant argued:

"[Plaintiffs are] seeking enforcement of the [restitution] order.  They're not here asking for conversion.  They're asking to enforce this particular order.

Our argument is basically if they had anything, they had a conversion action that should have been brought within five years.  So even if the last of these actions occurred June 10th of 1992, that would actually be barred in 1997."

Plaintiffs responded that they had a valid claim for "the balance of restitution" that accrued when defendant stopped making his required payments.  The trial court replied that "[t]here is no such cause of action."  The court further stated that section 5--5-

-6(n) did not prevent plaintiffs from maintaining "a civil action parallel with the criminal action."  However, plaintiffs did not commence such an action.  On those grounds, the court dismissed the complaint, and plaintiffs appealed.

Initially, we must clarify the nature of defendant's motion.  Defendant filed a section 2--619 motion in which he asserted that plaintiffs' complaint stated an untimely claim for conversion.  This was a proper section 2--619 motion, which admits the legal sufficiency of the cause of action but asserts a defect or defense that defeats it.  
Mio v. Alberto-Culver Co.
, 306 Ill. App. 3d 822, 824 (1999).  At the hearing, however, defendant agreed with the argument in plaintiffs' response: plaintiffs were 
not
 seeking damages for conversion but were seeking a judgment for defendant's unpaid restitution.  Defendant then argued that such a cause of action did not exist.  Thus, he essentially proffered an alternative motion to dismiss under section 2--615 of the Code (735 ILCS 5/2--615 (West 1998)), which challenges the legal sufficiency of the cause of action.  
Randall v. Lemke
, 311 Ill. App. 3d 848, 850 (2000).  When the trial court dismissed the complaint because "[t]here is no such cause of action," it granted the section 2--615 motion, not the original section 2--619 motion.

Although a "hybrid" motion to dismiss is improper, we will review a dismissal under such a motion if doing so will serve the interests of judicial economy and if the nonmoving party will not be prejudiced.  
Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.
, 286 Ill. App. 3d 48, 63 (1996), 
aff'd in part & rev'd in part on other grounds
, 186 Ill. 2d 472 (1999).  Here, plaintiffs argued in the trial court that they stated a valid (and timely) claim for the balance of the restitution order.  They repeat 
that argument on appeal.  Therefore, they will suffer no prejudice if we determine whether their complaint was properly dismissed for failure to state a cause of action.  In the interests of judicial economy, we will review the trial court's order as a dismissal under section 2--615.

A motion to dismiss pursuant to section 2--615 presents the question whether a complaint's allegations, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted.  The motion should be granted only if no set of facts could be proved that would entitle the plaintiff to recover.  Our review of a dismissal under section 2--615 is 
de novo
.  
Randall
, 311 Ill. App. 3d at 850.

Again, plaintiffs contend that they stated a valid claim to recover a judgment for defendant's unpaid restitution.  They also argue that their claim accrued when defendant stopped making the payments to which plaintiffs were entitled.

We agree with defendant that plaintiffs failed to state a cause of action.  Defendant argues that, because the restitution order is "an enforceable judgment" in plaintiffs' favor, plaintiffs are "attempting to bring a cause of action against [defendant] to secure a judgment that *** has already been entered."  Reading the complaint literally, this statement is absolutely true.

Section 5--5--6(m)(3) of the Corrections Code states:

"A restitution order under this Section is a judgment lien in favor of the victim that:

***

(3) May be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee[.]" 730 ILCS 5/5--5--6(m)(3) (West 1998).

A restitution order is enforceable as a civil judgment.  730 ILCS 5/5--5--6 (West 1998).  Furthermore, a "restitution order is not discharged by the completion of the sentence imposed for the offense."  730 ILCS 5/5--5--6 (West 1998).  Thus, although defendant completed his probation in 1996, plaintiffs retained an enforceable judgment for the balance of the restitution order.  When plaintiffs filed their complaint seeking a judgment for that amount, they prayed for what they already possessed.

We acknowledge that two provisions of section 5--5--6 allow  beneficiaries of restitution orders to pursue civil actions for specified remedies.  However, plaintiffs' allegations did not support a claim under either provision.  Section 5--5--6(n) states:

"An order of restitution under this Section does not bar a civil action for:

(1) Damages that the court did not require the [defendant] to pay to the victim under the restitution order but arise from an injury or property damages that is the basis of restitution ordered by the court; and

(2) Other damages suffered by the victim."  730 ILCS 5/5--5--6(n) (West 1998).

This provision allows a victim of crime to sue for damages for which the court did not award restitution.  However, plaintiffs sought to recover only the money that the court 
did
 award in its restitution order.

Section 5--5--6(k) states:

"Nothing contained in this Section shall preclude the right of any party to proceed in a civil action to recover for any damages incurred due to the criminal misconduct of the defendant."  730 ILCS 5/5--5--6(k) (West 1998).

This provision allows a victim to maintain a civil action "separate" from the State's prosecution of the defendant.  
People v. Mitchell
, 241 Ill. App. 3d 1094, 1098 (1993).  However, plaintiffs' complaint did not set out a "separate" civil action; it merely asserted a claim for what was already due under the judgment in the criminal case.

In sum, as the trial court concluded, plaintiffs' complaint proffered a cause of action that does not exist.  No legal authority, within or without section 5--5--6, allows a plaintiff to recover a judgment for the balance due under another judgment.  Therefore, plaintiffs' argument that they timely filed such a claim is moot.

In their reply brief, plaintiffs submit their alternative argument that their claim was invalid only because they sought the wrong remedy.  They contend that, had they prayed merely for the 
enforcement
 of the restitution order (730 ILCS 5/5--5--6(m)(3) (West 1998)), they would have stated a cause of action.  They further argue that their selection of the wrong remedy entitles them to amend their complaint.  We agree.

Section 2--617 of the Code states in part:

"Where relief is sought and the court determines, on motion directed to the pleadings, *** that the plaintiff has pleaded *** facts which entitled the plaintiff to relief but that the plaintiff has sought the wrong remedy, the court shall permit the pleadings to be amended, on just and reasonable terms, and the court shall grant the relief to which the plaintiff is entitled on the amended pleadings or upon the evidence."  735 ILCS 5/2--617 (West 1998).

Although plaintiffs alleged facts that entitled them to enforce the restitution order, they improperly sought a judgment for the unpaid restitution.  Under section 2--617, that error was not fatal to their complaint.  Instead, they must be permitted to amend it.

We recognize that plaintiffs technically waived this argument when they failed to raise it in the trial court (
City of Rockford v. Suski
, 307 Ill. App. 3d 233, 243 (1999)) and in their initial brief (
Perona v. Volkswagen of America, Inc.
, 292 Ill. App. 3d 59, 65 (1997)).  However, waiver is an admonition to the parties rather than a limitation on our jurisdiction, and it may be relaxed when the interests of justice so require.  
Caterpillar, Inc. v. Doherty
, 299 Ill. App. 3d 338, 346 (1998).  Here, defendant acknowledged in the trial court that plaintiffs were seeking the "enforcement of the [restitution] order."  Furthermore, in this court, defendant suggests that plaintiffs' proper remedy was enforcement under section 5--5--6(m)(3).  Because plaintiffs' procedural error has caused no prejudice to defendant, we decline to invoke the waiver rule to sustain the harsh sanction of dismissal.

For these reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded with directions to permit plaintiffs to amend their complaint to seek the enforcement of the restitution order.

Reversed and remanded with directions.

INGLIS and McLAREN, JJ., concur.