No. 2--06--1077      Filed:  6-13-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 98--CF--1712        98--CF--2961 |
| LOUIS E. GULLEY, | ) ) | Honorable Rosemary Collins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Louis E. Gulley, pleaded guilty to armed robbery (720 ILCS 5/18--2(a) (West 1998)) and robbery (720 ILCS 5/18--1(a) (West 1998)) pursuant to an agreement with the State that he would not receive a sentence longer than 30 years.  The trial court subsequently sentenced defendant to 30 years' imprisonment.  Defendant was not advised that he was subject to a three-year term of mandatory supervised release (MSR) in addition to his prison sentence.  Defendant filed a pro se petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)), arguing that the trial court's failure to advise him of the MSR term deprived him of the benefit of his plea bargain, in violation of his due process rights.  The trial court summarily dismissed the petition, and defendant timely appealed.  For the reasons that follow, we reverse and modify defendant's sentence.

On November 9, 1998, defendant pleaded guilty to armed robbery and robbery. In exchange for defendant's guilty pleas, the State agreed to dismiss three additional counts of armed robbery. The State also agreed to a sentencing cap of 30 years and to recommend that the sentences on the remaining two counts run concurrently. The court advised defendant as follows:

"THE COURT: [Defendant], you heard what your counsel has stated are the terms of this plea agreement. It's what we refer to as an open plea, but the Court would have to agree to be capped at the sentencing range of 6 to 30 years as opposed to the extended term, which would be available without the plea agreement."

The court further stated:

"THE COURT: [Defendant], do you understand that an open plea means there is no agreement as to what the appropriate sentence should be, other than I can tell you that this is a nonprobationable offense, so the minimum sentence that the Court can give would be 6 years; and if I accept the terms of this agreement, the maximum sentence that I could give would be 30 years."

Later, the following colloquy took place:

"THE COURT: ***

[Defendant], just so that it's clear on the record that you understand, can you tell me is there any agreement as to what the appropriate sentence should be in this case?

THE DEFENDANT: Appropriate sentence?

THE COURT: The appropriate sentence, yeah. Is there any agreement between you and the State about what the sentence will be?

THE DEFENDANT: No. They just said open plea to 30.

THE COURT: Right. Well, open plea, and the sentencing range is 6 to 30 years.

THE DEFENDANT: 6 to 30.

THE COURT: You can ask for 6 years, they can ask for 30 years, and I'll make my decision based upon the evidence and the presentence report that I hear.

THE DEFENDANT: Okay."

The trial court accepted defendant's pleas, and a sentencing hearing took place on December 15-16, 1998. After presenting testimony from several witnesses, the State argued that defendant should receive the maximum sentence under the sentencing cap, 30 years' imprisonment. The court acknowledged that it had agreed to the cap of 30 years' imprisonment. It sentenced defendant to 30 years on the armed robbery charge and 15 years on the robbery charge, to be served concurrently.

Defendant filed a motion for reconsideration of his sentence, which the trial court denied. Defendant timely appealed, arguing that he was not properly admonished under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)). We agreed, and we remanded the cause for proper admonishments. See People v. Gulley, No. 2--99--0305 (unpublished order under Supreme Court Rule 23).

On remand, following proper admonishments, defendant filed a motion to withdraw his pleas and vacate the judgment under Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). Defendant argued that he "did not knowingly, intelligently, and voluntarily waive his rights to a jury trial, nor did [he] fully understand or comprehend the admonishments of the Court pursuant to Supreme Court Rule 402 [(177 Ill. 2d R. 402)]." He stated that he "believed that the negotiated plea agreement involved a sentence of seventeen (17) years." He also argued that his attorney failed to adequately cross-examine the witnesses at his sentencing hearing. The trial court denied the motion, and, on May 28, 2002, defendant filed a timely appeal. According to an affidavit from the attorney who was

assigned to represent defendant in the 2002 appeal (which affidavit was attached to defendant's postconviction petition), "[i]n the course of reading the record on appeal, [she] discovered that *** the judge who presided at [defendant's] plea and sentencing proceedings, failed to admonish him that the 30 year sentence cap to which he agreed in exchange for his plea to the armed robbery included a three year period of [MSR]." Counsel further averred that she raised the issue in the appellate brief, arguing that defendant should be permitted to withdraw his pleas. However, upon learning that defendant did not want to withdraw his pleas but instead wanted his sentence reduced, she told him "that the law would not support a request for such relief." She advised defendant to dismiss the appeal, and, on April 1, 2003, the appeal was dismissed on his motion.

On September 6, 2006, defendant filed his postconviction petition, alleging that "at no time during plea agreement negotiations nor at sentencing did the Court, States Attorney [sic], or Defense Counsel ever appraise [sic] [defendant] of a three (3) year MSR term, nor does the passing judgment order of 12-16-98 reflect a term of MSR ***. [Defendant] was only admonished that the sentence he would receive would fall between six (6) and thirty (30) years." In an affidavit attached to his petition, defendant averred that he "just recently learned from [his] place of confinement that [he] would have to serve a three (3) year term of [MSR] [after completing] his negotiated 30 year sentence." Relying on People v. Whitfield, 217 Ill. 2d 177 (2005), defendant asked the court to "enter an order correcting his mittimus in this matter to reflect the actual, negotiated sentence agreed upon by the parties."

Defendant also argued in his petition that he received ineffective assistance of appellate counsel. He stated that his appellate counsel "fatally ill-advised [him] to abandon his appeal *** although he felt that his issues was [sic] in fact meritorious." Defendant's petition included the

affidavit from appellate counsel. Defendant stated that, "[h]ad it not been for the ill-advice of counsel, [he] would have prevailed on appeal."

The trial court summarily dismissed defendant's petition, stating as follows:

"In his post-conviction petition [defendant] indicates that as a factual statement, that there was a fully negotiated plea for two sentences that would run concurrent. That's factually incorrect.

The case that [defendant] is referring to [, robbery], [defendant] did enter an open plea on that case on November 9. He pled guilty.

The case was set over for sentencing on December 16. The defendant was sentenced at that time, and the sentence was ordered to be concurrent with the sentence on [armed robbery].

The defendant's factually incorrect in his allegations in his petition.

He also indicates that he wasn't notified of the terms of [MSR] as part of the plea agreement. There was no plea agreement. It was a sentencing hearing.

The Court finds that this petition is frivolous and without merit, patently frivolous and wholly without merit. Therefore, the post-conviction petition will be dismissed."

Defendant filed a motion for reconsideration, which the trial court denied. Defendant timely appealed. Defendant argues that the trial court erred in summarily dismissing his petition. We agree.

The Act provides a remedy to defendants who have suffered substantial violations of their constitutional rights. See 725 ILCS 5/122--1 (West 2004); People v. Edwards, 197 Ill. 2d 239, 243-44 (2001); People v. Wilson, 307 Ill. App. 3d 140, 144-45 (1999). When the death penalty is not involved, there are three stages to proceedings under the Act. Edwards, 197 Ill. 2d at 244. At the

first stage, the trial court independently reviews the petition within 90 days of its filing and determines whether the petition is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2004); Edwards, 197 Ill. 2d at 244. If the petition is not dismissed at this stage, it advances to the second stage for the appointment of counsel. People v. Mauro, 362 Ill. App. 3d 440, 441 (2005). At the second stage, counsel may amend the petition and the State may file a motion to dismiss or answer. Mauro, 362 Ill. App. 3d at 441. If the trial court does not dismiss or deny the petition at the second stage, the proceeding advances to the final stage, where the trial court conducts an evidentiary hearing. Mauro, 362 Ill. App. 3d at 441-42.

Because this petition was dismissed at the first stage of the postconviction process, we must determine whether the petition is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2004). A petition is considered frivolous or patently without merit when the allegations in the petition fail to present the gist of a constitutional claim. People v. Harris, 224 Ill. 2d 115, 126 (2007); People v. Little, 335 Ill. App. 3d 1046, 1050 (2003). "The 'gist' standard is 'a low threshold.' " Edwards, 197 Ill. 2d at 244, quoting People v. Gaultney, 174 Ill. 2d 410, 418 (1996). Although a "gist" is something more than a bare allegation of a deprivation of a constitutional right (People v. Prier, 245 Ill. App. 3d 1037, 1040 (1993)), it is something less than a completely pleaded or fully stated claim (Edwards, 197 Ill. 2d at 245). Thus, to set forth the gist of a constitutional claim, the petition need present only a limited amount of detail and need not set forth the claim in its entirety. Edwards, 197 Ill. 2d at 244. In resolving whether the petition is frivolous or patently without merit, the trial court must accept as true all well-pleaded allegations, unless the allegations are positively rebutted by the record. Little, 335 Ill. App. 3d at 1050. We review the summary dismissal of a petition de novo. Little, 335 Ill. App. 3d at 1051.

Initially, the State argues that defendant waived the issue for his failure to raise it in his original 1998 postplea motion or in his 2002 postplea motion. See 210 Ill. 2d R. 604(d) ("Upon appeal any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived"). We reject the State's waiver argument. As the State acknowledges, a similar argument was rejected in Whitfield:

"It is undisputed that the circuit court failed to admonish defendant [regarding MSR]. Under the circumstances, it would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process. Moreover, defendant alleges that it was not until he was in prison that he learned that his sentence had been increased by a three-year period of MSR. Therefore, he could not have raised the error in a motion to withdraw his plea or a direct appeal." Whitfield, 217 Ill. 2d at 188.

In the present case, defendant similarly alleged that he had just recently learned from his place of confinement that he would have to serve a three-year term of MSR. Accordingly, defendant could not have raised the admonishment error in his motion for reconsideration or in his motion to withdraw his pleas.

The State additionally asserts that "[it] would normally rely on the waiver of the issue" on direct appeal, but it notes that defendant alleges that he received ineffective assistance of appellate counsel. We agree with the State that the admonishment error is technically waived for failure to raise it on direct appeal. The record affirmatively establishes that defendant was aware of the admonishment error while his direct appeal was pending but dismissed the appeal on his own

motion. Nonetheless, in his postconviction petition, defendant alleged that his appellate counsel rendered ineffective assistance of counsel in advising him to abandon his appeal. In postconviction proceedings, the doctrine of waiver will be relaxed where the waiver allegedly stems from the incompetence of appellate counsel. See People v. Mahaffey, 194 Ill. 2d 154, 171 (2000). Accordingly, we address the merits of defendant's claim.

Under the circumstances in this case, we agree with defendant that Whitfield is controlling. In Whitfield, the defendant pleaded guilty pursuant to a negotiated plea agreement that provided he would receive a 25-year sentence for a conviction of first degree murder and a concurrent 6-year sentence for a conviction of armed robbery. Whitfield, 217 Ill. 2d at 179. The defendant had not been advised either in plea negotiations or by the trial court that he would be subject to a period of MSR following his murder sentence. Whitfield, 217 Ill. 2d at 180. The defendant did not file a motion to withdraw his plea or a direct appeal. Whitfield, 217 Ill. 2d at 180. However, "sometime while [he] was in prison," he learned of the MSR term that had been added to his prison sentence, and he sought postconviction relief. Whitfield, 217 Ill. 2d at 180.

The supreme court agreed with the defendant's argument that "his constitutional right to due process and fundamental fairness was violated because he pled guilty in exchange for a specific sentence, but received a different, more onerous sentence than the one he agreed to." Whitfield, 217 Ill. 21d at 188-89. The supreme court reasoned that a defendant who shows that his guilty plea was entered in reliance on a plea agreement has a due process right to enforce the terms of the agreement. Whitfield, 217 Ill. 2d at 189. Because the defendant had not been admonished of it, adding the term of MSR to the negotiated sentence was a "unilateral modification and breach" of the plea agreement. Whitfield, 217 Ill. 2d at 190.

Having determined that the defendant's constitutional rights were violated, the supreme court considered the proper remedy. Generally, when a defendant does not receive the benefit of his plea bargain, he may elect between two remedies: he may be given the opportunity to withdraw his plea, or he may enforce the State's promise. Whitfield, 217 Ill. 2d at 202. The defendant in Whitfield asked that the plea agreement be enforced. Whitfield, 217 Ill. 2d at 202. However, he also conceded that "a term of [MSR] is mandated by statute and legally cannot be struck from his sentence." Whitfield, 217 Ill. 2d at 202. Therefore, the defendant asked that his 25-year prison sentence plus 3 years of MSR be modified to 22 years' imprisonment plus 3 years of MSR, in order to approximate the 25-year sentence for which he had bargained. Whitfield, 217 Ill. 2d at 203. The supreme court found this remedy to be appropriate. Whitfield, 217 Ill. 2d at 203.

Here, as in Whitfield, defendant's constitutional right to due process was violated, because it is undisputed that defendant was not admonished that a three-year term of MSR would be added to his prison sentence. Defendant bargained for a maximum sentence of 30 years yet received a more onerous punishment once statutorily mandated MSR was added to the sentence. Defendant therefore seeks the same remedy provided in Whitfield: he asks that his 30-year prison sentence plus 3 years of MSR be reduced to 27 years' imprisonment plus 3 years of MSR, to approximate the 30-year maximum sentence for which he bargained.

We reject the State's argument that Whitfield does not apply to this case because Whitfield involved a "fully negotiated" plea, whereas defendant here negotiated only a sentencing cap. Whatever the distinction between a fully negotiated plea and a sentencing cap, it has no relevance here, where the sentencing cap for which defendant bargained was the very term that was violated. Defendant negotiated a cap of 30 years' imprisonment, and the court imposed a 30-year sentence.

Indeed, the State acknowledges that "the trial court imposed a 30-year term for armed robbery, the maximum allowed under the agreement." The MSR term therefore effectively extended the sentence beyond the negotiated maximum just as it would if the prison term had been specifically negotiated. Like the defendant in Whitfield, defendant here did not receive the benefit of his plea bargain.

Further, this case is not like People v. Jarrett, 372 Ill. App. 3d 344 (2007), upon which the State relies. There, in exchange for the defendant's guilty plea, the State agreed to drop certain pending charges and it offered a sentencing cap of 10 years. In admonishing the defendant at sentencing, the trial court stated, " '[t]here's what's called mandatory supervised release, what we used to call parole, up to 3 years.' " (Emphasis omitted.) Jarrett, 372 Ill. App. 3d at 345-46. The trial court asked the defendant if he understood the penalties, and the defendant said yes. Thereafter, the trial court sentenced the defendant to eight years' imprisonment plus three years of MSR. In his postconviction petition, the defendant argued that, because MSR was not discussed during plea negotiations, the addition of the 3-year MSR term to his 8-year prison sentence exceeded the agreed-upon sentencing cap of 10 years, and, thus, it violated his due process rights. The trial court summarily dismissed his petition. The reviewing court affirmed on appeal. The court rejected the defendant's Whitfield argument because, unlike in Whitfield (and unlike in this case), the Jarrett defendant was advised of the possibility of three years' MSR, and the written sentencing judgment reflected the terms of the MSR. Jarrett, 372 Ill. App. 3d at 352.

We also reject the State's argument that, because "the record affirmatively shows that this defendant had been on MSR twice before he committed the offense, and that he was on parole when he committed this series of robberies," defendant should not be permitted to argue that the court's failure to admonish him about MSR denied him his right to due process. In Whitfield, the State

argued that the defendant should have been required to prove that he was not actually aware that a period of MSR had been added to his sentence, and the State "speculate[d] [that] defendant had some level of general knowledge about MSR terms as a result of his criminal history." Whitfield, 217 Ill. 2d at 200. The supreme court rejected this argument and concluded that, "[w]here *** the record contains no evidence which affirmatively shows that defendant knew that he would be subject to an MSR term, defendant's alleged unawareness must be taken as true." Whitfield, 217 Ill. 2d at 200. Here, defendant alleged that he did not know about the MSR until after he was informed by "his place of confinement."

For the reasons given, we reverse the judgment of the circuit court dismissing defendant's petition and, pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we modify defendant's sentence to a 27-year term of imprisonment followed by 3 years of MSR.

Reversed; sentence modified.

GILLERAN JOHNSON, P.J., and HUTCHINSON, J., concur.