No. 2--06--0563          Filed: 6-25-08

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--306 |
| MATTHEW M. PETERO, | ) ) ) | Honorable James M. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Matthew M. Petero, appeals from the trial court's summary dismissal of his pro se postconviction petition as frivolous and patently without merit. In his petition, defendant alleged that he was sentenced to pay restitution in the amount of $9,000 despite there having been no agreement to pay restitution as part of his guilty plea negotiated with the State. Defendant further alleged that the trial court failed to admonish him before accepting his guilty plea of the possibility that he may be subject to restitution. The trial court dismissed defendant's petition after reviewing the transcripts of the proceedings on defendant's guilty plea and finding that defendant was admonished that he would have to pay restitution as part of his disposition negotiated with the State. On appeal, defendant argues that his postconviction petition stated the gist of a constitutional claim and that the trial court erred in dismissing his petition. We affirm.

On September 21, 2004, defendant was charged in a five-count indictment with unlawful possession with the intent to deliver more than 900 grams of cocaine (720 ILCS 570/401(a)(2)(D) (West 2004)), unlawful possession of more than 900 grams of cocaine (720 ILCS 570/402(a)(2)(D) (West 2004)), unlawful possession with the intent to deliver between 500 and 2,000 grams of cannabis (720 ILCS 550/5(e) (West 2004)), unlawful possession of between 500 and 2,000 grams of cannabis (720 ILCS 550/4(e) (West 2004)), and unlawful possession of a weapon by a felon (720 ILCS 5/24--1.1(a) (West 2004)).

On May 11, 2005, the parties appeared before the trial court and indicated that they had reached a plea agreement. Under the agreement, defendant would plead guilty to one count of unlawful possession with the intent to deliver more than 900 grams of cocaine and the State would dismiss the remaining counts. The State indicated that it wished to delay entry of the sentence until June 20, 2005. However, the State indicated that it would "put into the record what [it] anticipate[d] the sentence to be subject to defendant appearing in court on [June 20] and no new violations of any offenses between now and that court date."

The trial court proceeded to admonish defendant regarding the consequences of pleading guilty. In describing the minimum and maximum sentences prescribed by law for the offense, the trial court asked defendant, "Do you understand this one carries with it a term of not less than 15 years but not more than 60 years, that it carries with it a fine not to exceed $500,000, that it carries with it a 3-year term of mandatory supervised release, and that it is not a probationable offense[?]" Defendant responded that he understood the penalties associated with the offense. The trial court further admonished defendant that "the sentence that the State has indicated to you that would be imposed on the June 20th date is contingent upon you appearing at that time and on that date." The

trial court admonished defendant that, if he failed to appear on June 20, the trial court could then sentence him to anything within the sentencing range. After defendant indicated his understanding of all of the trial court's admonishments, the trial court accepted and entered his guilty plea.

After defendant entered his guilty plea, the State stated on the record the "contemplated sentence" that would be entered on June 20:

"Judge, subject to [defendant] showing up on June 20th *** having no new violations of any offenses, the defendant would be sentenced to a term of 15 years in the custody of the Illinois Department of Corrections plus a 3-year term of mandatory supervised release. He would be given credit for any time served in the Kendall County Jail from the time of his arrest up to and including that date. That the fine--laboratory fee of $100.00 would be taken from his bond. He would be ordered to complete a DNA indexing while in the Department of Corrections and pay a $200.00 fee for that from his bond. The drug assessment fee would be waived on motion of the State and the remaining fines and costs would be taken from his bond that was posted."

Defense counsel concurred that this was the substance of the agreement reached between the parties as to sentencing.

On June 20, 2005, the parties appeared before the trial court for sentencing. At the beginning of the hearing, defendant confirmed that his attorney had negotiated an agreed sentence with the State and had explained the agreement to him. The State presented the terms of the agreed sentence as follows:

"Defendant has previously pled guilty to the offense of Unlawful Possession with the Intent to Deliver a Controlled Substance, Class X felony. Defendant will be sentenced to a period of 15 years in the custody of the Illinois Department of Corrections plus a 3-year term

of mandatory supervised release. He is given credit for 4 actual days served in the Kendall County Jail from July 23rd to July 26th, 2004. That fine and costs shall be paid in the amount of $10,000 from his bond, that a $3,000 drug fee, $100.00 laboratory analysis fee to be paid all from his bond. Restitution to Kendall County CPAT in the amount of $9,000 to be taken from his bond, $200.00 DNA collection fee to be taken from his bond. While in the custody of the Illinois Department of Corrections, he will provide a DNA sample as required by statute."

The trial court asked defendant whether the State's recitation was an accurate statement of the agreed sentence. Defendant replied that the recitation was accurate. The trial court then asked defendant whether there was "anything that the State read that [was] not accurate, or part of that statement or that sentence, or anything that was not read that should have been?" Defendant replied negatively. Finally, the trial court inquired of defendant, "You're asking me to approve that sentence; is that correct?" Defendant replied affirmatively. The trial court entered a written order sentencing defendant to serve 15 years' imprisonment and 3 years' mandatory supervised release, to pay $10,000 in fines and costs, a $100 laboratory fee, a $3,000 drug assessment, and $9,200 in restitution to the Kendall County Cooperative Police Assistance Team (KCCPAT), and to provide a DNA sample.

On April 6, 2006, defendant filed a pro se postconviction petition. As already noted, defendant alleged that he was sentenced to pay restitution despite there having been no agreement to pay restitution as part of his guilty plea negotiated with the State. Defendant further alleged that the trial court failed to admonish him before accepting his guilty plea of the possibility that he may be subject to restitution. On May 15, 2006, the trial court dismissed defendant's postconviction petition as frivolous and patently without merit. In its written order, the trial court indicated that the report of proceedings from May 11, 2005, and June 20, 2005, reflected that defendant was

admonished as to "all fines, costs, assessments, and restitution." Defendant has filed a timely notice of appeal from the trial court's dismissal order.

On appeal, defendant asserts that the restitution order was not part of his negotiated guilty plea. Defendant argues that, on the date he entered his guilty plea, the State did not indicate that restitution would be part of the sentence. Defendant further argues that, in reciting the applicable minimum and maximum sentences to the charge, the trial court never admonished him that he was potentially subject to an order of restitution. Defendant asserts that the order of restitution was an improper "new term [that] was added to the previously agreed upon sentence." Defendant concludes that his petition stated the gist of a constitutional claim and that the trial court erred in dismissing it.

The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 et seq. (West 2006)) provides a remedy to criminal defendants who have suffered substantial violations of their constitutional rights. People v. Barcik, 365 Ill. App. 3d 183, 190 (2006). When the death penalty is not involved, as is the case here, there are three stages to proceedings under the Act. Barcik, 365 Ill. App. 3d at 190. In the instant case, defendant's petition was dismissed at the first stage. During the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief. People v. Coleman, 183 Ill. 2d 366, 380 (1998). The trial court may summarily dismiss the petition if it finds that the petition is "frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2006). A petition is "frivolous or patently without merit" if it does not state the gist of a constitutional claim. People v. Edwards, 197 Ill. 2d 239, 244 (2001). We review de novo the first-stage dismissal of a postconviction petition. Barcik, 365 Ill. App. 3d at 190.

Defendant's claim that he never agreed to the entry of an order of restitution as part of his negotiated plea is directly refuted by the record. Prior to the trial court's entry of sentence on June 20, 2005, the State presented the details of the agreed sentencing disposition, a portion of which required defendant to pay restitution to the KCCPAT in the amount of $9,000. As detailed above, after the State's recitation of the sentence, the trial court inquired and defendant confirmed three separate times that this was the sentence he had agreed to and wanted the trial court to enter. As the record establishes defendant's clear understanding of and agreement to the terms of the sentence imposed by the trial court, defendant cannot now claim that the sentence was contrary to the terms of the negotiated plea agreement. See People v. Maury, 287 Ill. App. 3d 77, 83 (1997) (holding that record refuted the defendant's claim that his guilty plea was involuntary); People v. Neely, 24 Ill. App. 3d 682, 683-84 (1974) (same).

In reaching this conclusion, we acknowledge that the State failed to mention restitution during the May 11, 2005, hearing at which defendant entered his guilty plea. However, the record establishes that the parties were not prepared to enter sentence on that date. Instead, following the entry of defendant's plea, the State provided a description of a "contemplated" or "anticipated" sentence that it would recommend be entered on June 20, 2005. The State indicated that its recommendation of such a sentence was dependent upon defendant's appearance on June 20, 2005, and upon his commission of no new offenses. Defense counsel agreed that the purpose of the May 11, 2005, hearing was for entry of defendant's guilty plea only and that he would not be sentenced on that date. Based upon these statements, it is apparent that on May 11, 2005, the parties had not yet reached a final agreement on defendant's sentence. The final agreed sentencing disposition was not presented to the trial court until June 20, 2005, at which time the State specifically indicated that the sentence would include a restitution order. As already discussed, defendant acknowledged the

sentencing agreement and agreed to the entry of such a sentencing order. In view of the record before us, we conclude that an order of restitution was part of defendant's agreed sentencing disposition and hold that the State did not violate the terms of defendant's plea agreement. See Neely, 24 Ill. App. 3d at 683-84.

Defendant additionally contends that the restitution order should be vacated in its entirety because the trial court did not admonish him about the possibility of paying restitution as required by Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2)). Rule 402(a)(2) provides that a trial court may not accept a plea of guilty without first informing the defendant in open court of the minimum and maximum sentences prescribed by law and determining that the defendant understands those penalties. 177 Ill. 2d R. 402(a)(2). Illinois reviewing courts have held that, under Rule 402(a)(2), a trial court must admonish a defendant about the possibility of restitution. See People v. Jenkins, 141 Ill. App. 3d 602, 608-09 (1986); People v. Culp, 127 Ill. App. 3d 916, 925-27 (1984).

In this case, prior to accepting defendant's guilty plea, the trial court did not specifically admonish defendant regarding the possibility of restitution. As detailed above, in describing the minimum and maximum sentences prescribed by the law, the trial court stated that defendant could be sentenced to between 15 and 60 years' imprisonment, 3 years' mandatory supervised release, and a fine not to exceed $500,000. The trial court's failure to admonish defendant regarding the possibility of restitution violated Rule 402(a)(2) and was error. See Jenkins, 141 Ill. App. 3d at 608-09; Culp, 127 Ill. App. 3d at 925-27.

However, the trial court's failure to properly admonish a defendant does not itself automatically establish grounds for reversing the judgment or vacating the plea. People v. Fuller, 205 Ill. 2d 308, 323 (2002). Substantial compliance with Rule 402 suffices to establish due process. Fuller, 205 Ill. 2d at 323. Whether an imperfect admonishment requires reversal depends on whether

real justice has been denied or whether the inadequate admonishment prejudiced the defendant. Fuller, 205 Ill. 2d at 323.

In People v. Thompson, 375 Ill. App. 3d 488 (2007), the First District considered whether a trial court's failure to admonish the defendant of the possibility that he could be ordered to pay restitution constituted reversible error. In that case, the defendant agreed to plead guilty to four burglary counts with a sentencing cap of seven years' imprisonment and, in return, the State agreed to dismiss three other pending charges. Thompson, 375 Ill. App. 3d at 490. At the plea hearing, the trial court admonished the defendant that each count of burglary was punishable by (1) 3 to 7 years' imprisonment, which could be 7 to 14 years' imprisonment if aggravating factors were present; (2) 2 years' mandatory supervised release; (3) up to 4 years' probation; and (4) up to a $25,000 fine. Thompson, 375 Ill. App. 3d at 490. The trial court subsequently sentenced the defendant to four concurrent six-year prison terms and ordered him to pay a total of $1,242.69 in restitution. Thompson, 375 Ill. App. 3d at 494.

On appeal, the reviewing court affirmed the defendant's sentence and held that the trial court's failure to admonish the defendant regarding the possibility of paying restitution did not result in prejudice. Thompson, 375 Ill. App. 3d at 494. Relying on our supreme court's decision in People v. Whitfield, 217 Ill. 2d 177 (2005), the Thompson court explained that a trial court's violation of Rule 402 results in reversible error only where a defendant receives a more onerous sentence than the defendant was told he or she would receive. Thompson, 375 Ill. App. 3d at 493-95, citing Whitfield, 217 Ill. 2d at 193-95. The Thompson court noted that the portion of the trial court's sentencing order requiring the defendant to pay $1,242.69 in restitution was lower than "the admonished maximum fine of $25,000." Thompson, 375 Ill. App. 3d at 494. The Thompson court concluded that, because the defendant did not receive "a more onerous sentence, his plea agreement

was not breached and the imperfect admonishment did not deny him real justice." Thompson, 375 Ill. App. 3d at 494.

We find the Thompson court's reasoning persuasive and similarly conclude that defendant in the instant case cannot demonstrate that he was prejudiced as a result of the trial court's failure to specifically admonish him of the possibility that he could be required to pay restitution. Defendant here, like the defendant in Thompson, was admonished of the possibility that he could be sentenced to pay a substantial fine. As detailed above, the trial court specifically admonished defendant that he could be sentenced to pay a fine of up to $500,000. Although we acknowledge that a fine and restitution are different types of penalties (see People v. Fulkerson, 326 Ill. App. 3d 1124, 1125-26 (2002)), defendant was nonetheless admonished that he could potentially be liable to pay up to $500,000 as part of his sentence. As the combined total in fines, costs, fees, assessments, and restitution that defendant was ordered to pay was substantially less than $500,000, he did not receive a more onerous sentence than the one the trial court admonished him he could potentially receive. See Whitfield, 217 Ill. 2d at 193 (noting that a trial court's failure to admonish a defendant concerning applicable term of mandatory supervised release was not a constitutional violation as long as the sentence plus the term of mandatory supervised release was less than the maximum sentence defendant was told he or she could receive). Moreover, as we have already noted, at the June 20, 2005, hearing, defendant specifically indicated that he had agreed to a sentence including restitution and he requested the trial court to enter such a sentence. Under these circumstances, defendant's plea agreement was not breached and he was not prejudiced by the trial court's imperfect admonishments. See Thompson, 375 Ill. App. 3d at 494. Therefore, defendant's postconviction petition failed to state the gist of a constitutional claim, and the trial court properly dismissed the petition as frivolous and patently without merit.

In closing, we note that the State has requested the mittimus be corrected to accurately reflect the amount of restitution actually ordered by the trial court. Although the trial court ordered restitution to the KCCPAT in the amount of $9,000, the mittimus requires payment of restitution in the amount of $9,200. We agree with the State that the mittimus must be corrected to reflect the appropriate restitution amount. We therefore order that defendant's mittimus be corrected to reflect that he pay restitution to the KC0CPAT in the amount of $9,000. See People v. Brown, 371 Ill. App. 3d 972, 986 (2007).

For the foregoing reasons, we affirm the judgment of the circuit court of Kendall County dismissing defendant's postconviction petition and we remand the cause for the clerk of the circuit court to correct defendant's mittimus as directed.

Affirmed; cause remanded with directions.

McLAREN and BOWMAN, JJ., concur.